*The final accounting in the Estate of* WILLIAM E. MILLER.

APPORTIONMENT ordered of an assessment for a permanent improvement, between the life tenant and the residuary devisees, according to the age of the life tenant.

WILLIAM C. BARRETT, *for Life Tenant and Executor.*
BENJAMIN W. BONNEY, *for Residuary Legatees.*

THE SURROGATE. The will of William E. Miller was admitted to probate on 10th February, 1852.

By his will he directed his trustees " to let, lease, invest, and otherwise manage his estate, and to receive the rents, issues and profits, interest, dividends and income thereof, and to apply the same to the use of his wife, Catharine Josephine, during her life, the same to be so applied as her sole and separate estate, free from the debts, interference or control of any other person whatever."

The estate from which the income payable to the testator's widow, is derivable, consists of real and personal property; the house and lot No. 16 Broadway, in the city of New York, being a portion of the real estate.

In the month of November, 1859, Whitehall street was widened, and the adjacent property, including the lot No. 16 Broadway, was assessed for the improvement. The assessment on 16 Broadway was $656.20, and the proportion of that amount chargeable to the estate of the testator was $437.46, which sum of $437.46 was paid from and out of the income derived from the testator's property.

In September, 1863, the executor filed his account, in which he debited the income with the payment of this assessment of $437.46.

Subsequent to the filing of that account he was advised that the assessment was a charge and should have been charged against the principal fund instead of the income, and in his account filed 21st May, 1866, he corrects the error by the following entry :

" This amount, assessment for opening Whitehall street, paid Robert Hyslop, late executor, November, 1859, and incorrectly deducted in his account, filed 15th September, 1863, from the income instead of the principal fund, $437.46."

On the filing of the account in September, 1863, there remained in the hands of the executor, uninvested, the sum of $1,233.27 of the principal fund; from which sum the executor, in his account filed 21st May, 1866, has deducted the amount of $437.46, the amount of the assess-

ment, and included that amount in or added it to the income account.

By the deduction of this sum of $437.46 from the principal fund, there now remains in the hands of the execu- tor the sum of $116.89, uninvested, of principal.

The simple inquiry is, should the principal or the income bear the burden of the assessment?

The widow insists that, under the language of the will, she is entitled to the income "free from the debts, inter- ference or control of any other person whatever," and that the assessment being a lien on the premises improved by the widening of the adjacent street, and an ultimate benefit to the devisees, after her death, her income should not be reduced by the payment.

The rule is well established that the tenant for life of real estate is bound to pay all ordinary taxes and repairs from the rents and income. (*Cairns* v. *Chabert*, 3 *Edwards' Ch. Rep., p.* 312.)

An outstanding life estate is also chargeable with an equitable apportionment of assessments for local improve- ments which are of permanent benefit to the property; and this rule of law is recognized, and provision made for carrying it into effect by statute. (See *Laws of* 1841, *chap.* 341; *Laws of* 1854, *chap.* 391; *Fleet* v. *Dorland,* 11 *Howard's Pr. Rep., p.* 489.)

The life tenant here should be charged with such pro- portion of the assessment of $437.46 as will be propor- tionate to the value of her life interest in November, 1859, when the improvement was made. This amount can be calculated, according to the age of the life ten- ant, by the usual tables.

There is nothing in the phraseology of the will to change or affect the ordinary rule of apportionment. The words "free from the debts, interference or control of any other person whatever," only mean that the income, after payment of proper charges, belongs to and must be paid to the widow for her own separate use.